In The Superior Court of Pennsylvania

Commonwealth of Pennsylvania | 2834 EDA
v
Kevin McKeither
Appellant
Docket # CP-51-CR-0009190-2007

COPY
ORIGINAL FILED IN SUPERIOR COURT
MAR 25 2013
EASTERN DISTRICT

APPEALS
MAR 27 2013
DISTRICT ATTORNEY'S OFFICE

Motion To Supplement Brief in Accordance with PA.R.CR.P. 905

## Defendant Was Denied His Right To Due Process

It is well settled that the government has the obligation to turn over evidence in its possession that is both favorable to the accused and material to guilt or punishment "(the evidence collected from the upstairs of the crime scene)", Brady v Maryland, 373 U.S. 83, 87 (1963). Also under Brady v Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150, 153-154 (1972), the Due Process Clause is implicated when the government destroys evidence that might have proved favorable to a criminal defendant. Also the U.S. Supreme Court has developed a two-pronged test that turns upon whether or not the good faith of the government actors "(Police)" involved

MUST BE CONSIDERED IN DETERMINING WHETHER Failure To Disclose Evidence is A Violation of The Rights of Due Process OR "what Might loosely Be Called The Area of Constitutionally Guaranteed Access To Evidence." U.S. v. Valenzuela-Bernal, 458 U.S. 858, 867 (1982). If The Missing Evidence is shown To Be Exculpatory, The Defendant Rights To Fundamental Fairness under The Due Process Are Violated, Regardless of The Good or Bad Faith of The State Actors involved. Brady v. Maryland, 373 U.S. 83 (1963). Suppression By The Prosecution of Evidence Favorable To An Accused Violates The Defendant Rights of Due Process where The Evidence Has Been Requested by The Accused AND is Material Either To The Guilt or Punishment IRRESPECTIVE of The Good Faith or Bad Faith of The Prosecution. Brady v. Maryland (1963), 373 U.S. 83, 87 (1963). In Order To Mount A Successful Brady Challenge, A Defendant Must Establish That "The Evidence is Material, That is, That 'There is A Reasonable probability That, had The Evidence Been Disclosed To The Defense, The Result of The Proceeding Would have Been Different.' Refering To My Medical Evidence As Well As The Evidence Collected From The Upstairs of The Victims Home / United States V.

*Bagley*, 473 U.S. 667, 682 (1985)." *United States v. Marshall*, 109 F.3d 94, 97 (1st Cir. 1997). Although courts have used different terminologies to define "materiality," the U.S. Supreme Court has determined that evidence is material if there exists a "reasonable probability" that its disclosure to the defense would have changed the result of the trial. *Kyles v. Whitley*, 514 U.S. 419, 420 (1995); *United States v. Bagley*, 473 U.S. 667, 682 (1985). A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *Pennsylvania v. Ritchie*, 480 U.S. -39 (1987). However, this standard does not require the defendant to prove that it is more likely than not that disclosure of the evidence would result in acquittal. *Kyles*, 115 S. Ct. at 1566. A reasonable probability of a changed result exists where the suppression of evidence "undermines confidence in the outcome of the trial." *Id.* (quoting *Bagley*, 473 U.S. at 678, 105 S. Ct. at 3381).

"The 'missing evidence' must possess an exculpatory value that was apparent before the evidence was destroyed' and must be 'of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *California v. Trombetta*, 467 U.S. 479 (1984) (breath alcohol test). If the missing evidence is not provably exculpatory, but is merely potentially useful, the defendant must show bad faith on the part of the police, who, by their conduct, may indicate that the evidence could form a basis for exonerating the defendant, thereby violating due process. *Arizona v. Youngblood*, 448 U.S. 51, 58 (1988). "Under this precedent, the initial burden is on the defendant to show the evidence existed." *United States v. Marshall*, 109 F.3d 94, 97 (1st Cir. 1997). When the government fails to preserve potentially exculpatory evidence, the "good faith/bad faith" question regarding the government actors is dispositive. *Arizona v. Youngblood*, 448 U.S. 51, 58 (1988).

Also during my Trial Jurors were Taking Notes, Please look at, Comm v. Pierce Supreme Court of PA. 309-1973, It is improper for a juror to take notes during Trial, and if Defendant establish Prejudice Then he is entitled to A New Trial, Also Please look at Rules of Criminal Procedure Rule 644, This will clearly establish How The Commonwealth violated The 14th Amendment Constitution Towards Me at Trial By letting Jurors Take Notes. Also Defendant Seeks Post Conviction Relief claiming counsels was ineffective in failing to call a Medical Doctor or Expert witness who would have testified on Defendants Behalf Concerning Defendants Physical Medical State of Being (chronic diseases) And How During any Sexual intercourse or Penetration By Defendant The Transmission of His Diseases would have Occured. Please look at Brown v. State, The Supreme Court Held That Defense counsel Rendered ineffective Assistance in failing to examine The victim during The Defendants Sexual Trial And By attacking The victim on cross-examination would create sympathy For Her, As mentioned in Brief Previously filed, Prejudice - Partiality - Bias - Discrimination Towards Me.

(3)

So I ask This Court To Grant Me Relief in The forum of AN Evidentary Hearing or Void Judgement or Any Relief This Court Deems Necessary.

Respectfully Submitted

3/16/13

Kevin McFheithen
HV-5414

UNSWORN VERIFICATION

I, Kevin McKeithen do hereby verify that the facts set forth in this motion are true and correct to the best of my knowledge or information and belief, and that any false statements herein are made subject to penalties of section 4904 of the Pennsylvania Criminal Code, relating to unsworn falsification to authorities.

3/16/13

Kevin McKeithen
HV-5414

Defendent

IN THE COURT OF COMMON PLEAS PHILADELPHIA COUNTY
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA

VS.

KEVIN McKEITHER

DOCKET NO.

MOTION TO COMPEL

TO: Hon. President Judge
Pamela Pryor Dembe

COPY ORIGINAL FILED IN SUPERIOR COURT MAR 26 2013 EASTERN DISTRICT

COPY ORIGINAL FILED IN SUPERIOR COURT MAR 25 2013 EASTERN DISTRICT

## MOTION TO COMPEL

And now comes Petitioner **KEVIN McKEITHER,** Pro se, addressing this Honorable Court pursuant to _____.

TO: Hon. President Judge, Pamela P. Dembe

On 12/31 2012, Petitioner sent **CAVEAT TO JUDICIAL ACTORS AND PROSECUTORS & MEMORANDUM OF LAW & MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION & VOID JUDGMENT**, To the Hon. Lisa M. Rau of COMMON PLEAS COURT OF PHILADELPHIA COUNTY & TO District Attorney's Office Seth R. Williams, and this court has failed to answer in a timely manner.

Petitioner pray that you Compel this court, and/or the District Attorney's Office to answer Petitioner's Motion/Brief.
See, attach, Motion.

CC: FILE
DATED: 12/31 2012

Seriously Submitted

*Kevin McKeither*

Kevin McKeither #HV-5714
SCI-Retreat
660 State Route 11
Hunlock Creek, Pa. 18621