In The United States District Court
For The Eastern District of Pennsylvania

| | |
|---|---|
| Kevin McKeither : | |
|     Petitioner : | Civil Action |
| v. : | No.14-1628 |
| Theresa Delbaso, ET AL : | |
|     Respondents : | |

RECEIVED
JUL 31 2014

Response To Respondents Response For
Writ of Habeas Corpus

    Now comes Kevin McKeither, pro-se, respectfully requesting this court to grant his Habeas Corpus petition, and deny Respondents request to dismiss Petitioner's Habeas Corpus 2254.

    Petitioner will show and demonstrate with exhibits why he did not default his claims, and prove how he exhausted his constitutional claims to the highest state court in Pennsylvania. Most telling, the Supreme Court (in **Williams v. Taylor**, 529 U.S. 362 (2000)) Describes AEDPA Review as applying to A single State Court decision, not to some amalgamation of multiple State Court decisions. The Courts analysis of the State Court proceedings in **Williams** confirms and concludes that AEDPA generally requires Federal Courts to review one state decision. Thus, even when one State Court adhered to federal law, if the last court to review the claim erred, the Federal Court should review the last

decision in isolation and not in combination with decisions by other State Courts.

Petitioner is talking about Pennsylvania Supreme Courts "review" and decision on his claims and merits submitted. (**Comm v. McKeither,** 527 EAL 2013) Also SEE: **Harris v. Reed** 429 U.S. 255, 262, 103 L.ED.20 308, 109 S.CT.1038 (1989) And please review:*Appeal 487; Habeas Corpus 17, 26, 27, 37, 39- Adequate and independent state grounds- "plainstatement" RULE- Procedural Default- Claim of Ineffective Assis. of Counsel 1A, 1B, 1C, 1D, 1E; The rule of **Michigan v. Long** (1983) 463, US 1032, 77 LED 20 1201, 103 S.CT 3469. Under which the U.S. Supreme Court may reach a federal question on review of a State Court judgement.

Petitioner avers that under 28 U.S.C.2254 (E)(2). In **Williams v. Taylor,** 529 U.S. 420, 146 L.ED.2D 435, 120 S.CT 1479 (2000). The Supreme Court interpreted the opening clause of 2254 (E)(2) as follows; "A failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attribute to the prisoner or the prisoner's counsel." ID.At 432.

The Williams court then explained that a finding of diligence would "depend upon whether the prisoner made a reasonable attempt, in light of the information available at the time to investigate and pursue claims in state court.

Petitioner avers that counselor's failed to pursue his constitutional issues and merits that would prove Petitioner's innocence, and would establish how "prejudice" was displayed by

Judicial officials. However, Petitioner did in fact present his constitutional violations in a timely fashion to the PCRA Court which they rejected in August 27, 2013. Petitioner then timely pursued his petition by "exhausting" his constitutional issues of merits, claiming how Petitioner constitutional rights were violated to the highest State Court, "Pennsylvania Supreme Court," 527 EAL 2013 **Comm v. McKeither**.

Under criminal law and procedure - Habeas Corpus, procedural default. A federal Habeas Court is not bound to enforce a state procedural rule when the State itself has not done so, even if the procedural rule is theoretically applicable to the facts. A procedural default does not bar consideration of a federal claim on either direct or Habeas review unless the last state court rendering a judgement in the case clearly and expressly states that its judgement rests on a state procedural bar. SEE: **Holloway v. Horn** 355 F.3D 707, October 27, 2003.

## STANDARDS TO REVIEW

Petitioner avers that there was a fundamental miscarriage of justice, and prejudice along with the constitutional violations that were displayed at trial and appeal proceedings which left Petitioner at a disadvantage not rendering Petitioner the "equal protection of the laws," that could of established Petitioner's actual innocence.

Under the requirements for relief under section 2254 (D). A

state courts resolution of a constitutional issue may not be disturbed unless the state court decision "was contrary to, or involved an unreasonable federal law, as determined by the Supreme Court of the United States. The Supreme Court has emphasized that the State Court must have arrived at a conclusion opposite to that reached by this court on a "question" of law or decided a case differently on a set of materially indistinguishable facts.

The facts that are in question are the "confrontation clause," the 6th Amendment of the United States and Pennsylvania Constitution clearly states in all criminal prosecutions, the accused shall enjoy the right to be "confronted" with the witnesses against him; To have "compulsory" process for obtaining witnesses in his favor.

Trial transcripts and the victim states that she was penetrated twice by her attacker and there was sexual contact. Petitioner alleges that an "OBGYN Physician/Expert" examined the victim for rape and Petitioner was charged and convicted for this rape. Petitioner avers that his 6th Amendment was violated, "confrontation," Petitioner never confronted the OBGYN that actually performed the rape examination on the victim. The medical report was crucial, and that a showing of the unavailablility of the OBGYN was required to justify admission of such evidence, without such a showing, Petitioner's right to "confrontation" under U.S. Const.Amend.VI was undermined, and the OBGYN testimony if presented to the jury could have affected the

verdict against Petitioner. Please SEE: **Pickett v. Bowen** 798 F.2D 1385.

Also, the Supreme Court said that the confrontation clause expresses a preference for face-to-face at trial. **Ohio v. Roberts**, 448 U.S. 56, 63, 100 S.CT. 2531, 2537 (1980). The primary interest which it secures is the defendants right to cross-examine the witness against him, and the opportunity for the jury to evaluate the demeanor of the witness is also an important interest. Also SEE: **United States v. Yates** (2006, CA11 A|A) 438 F.3D 1307. Petitioner's 6th Amendment right to face-to-face confrontation was violated. By that, there was no evidentary support for finding that witness, "OBGYN Physician" and Defendant could not be placed in the same room for testimony in trial proceedings. Also SEE: **Pointer v. Texas**, 380 U.S. 400, 403, 85 S.CT.1065 (1965), provides that in all criminal prosecutions, the accused shall enjoy the right to be confronted with the witnesses against him. In **Crawford**, the U.S. Supreme Court held that this provision guarantees a defendant his common-law right to confront those "who bear testimony" against him, 541 U.S. at 51, 124 S.CT.1354. Please SEE: Notes of testimony volume 1 May 23, 2008, pg.98, which clearly shows that an OBGYN/~~[redacted]~~ performed the sexual examination on the victim. SEE: **United STates v. Williams**; 740 F.Supp.2D4 :: October 18, 2010.

Petitioner avers also that his 6th Amendment "confrontation clause" was truly violated in regards to Det. Latore of the special victims unit who submitted the evidence that Petitioner's

DNA was on. Petitioner's defense and theory and facts, was that Det. Latore shook Petitioner's hand during survey of the block on 6/5/07, which Peititioner claims Det. Latore transferred skin cells of Petitioner on the evidence; the scarf which was used to tie up the victim. Trial and forensic findings show of another male DNA on this evidence.

In **Wealot v. Armontrout** (1990, WD MO) 740 F Supp 1436, AFFD (1991 CA8 Mo) 948 F.2D 497, 34 Fed Rules evidence serv 429.

Habeas Corpus Petitioner rape conviction is vacated and set aside, where only evidence directly supporting conviction was victims testimony and only physical evidence was consistent with Petitioner's theory of case, which was never presented to jury due to trial courts limitations of cross-examination.

Petitioner avers that his 6th Amendment "confrontation" rights were violated when he was not allowed to confront ~~his accuser~~ DET. LATORE with his supportable theory. Also SEE: **United States v. Yates** (2006, CA11 A|A) 438 F.3D 1307. Petitioner's 6th Amendment right to face-to-face confrontation was violated, by that, there was no evidentary support for finding that witness, Det. Latore and Defendant, Kevin McKeither, Petitioner, could not be placed in the same room for testimony in trial proceedings.

Det. Latore also made out of court statements in regards to his normal procedure, shaking hands and giving his card to people he questions. In **Crawford v. Washington**, U.S. Supreme Court (2004). Held that the "confrontation clause" of the Federal 6th Amendment barred the admission at a criminal trial of testimonial

statements of a witness who did not appear at trial. The Supreme Court reversed the judgement and remanded for further proceedings. Det. Latore never came to trial, and his out of court statements were used at trial.

The Supreme Court has said that the "confrontation clause" expresses a a preference for face-to-face confrontation at trial. **Ohio v. Roberts,** 448 U.S. 56, 63, 100 S.CT.2531, 2537 (1980). The primary interest which it secures is the defendants right to cross examine the witness against him, and the opportunity for the jury to evaluate the demeanor of the witness is also an important interest. Also SEE: **Pointer v. Texas,** 380 U.S. 400, 403, 85 S.CT.1065 (1965), provides that in all criminal prosecutions, the accused shall enjoy the right to be confronted with the witnesses against him.

Petitioner brings the question and complaint issue in regards to the 8th Amendment "excessive bail," which is ultimately a 14th Amendment "due process" as well as an "equal protection of the laws" violation.

Petitioner avers that his bail was set at one million dollars which was a violation of "due process" under constitutional law. The constitutional prohibition of "deprivation" of "liberty" without "due process" is a applicable to pre-trial release procedures. The imposition of the prohibition of the 8th Amendment to the U.S. Constitution against requiring excessive bail has been held applicable to the states through the 14th Amendment. Please SEE: **U.S. ex rel. Rubinstein**

**v. Mulachy,** 155 F.2d 1002 :: (June 14, 1946) Also, error's are the fixing of "excessive bail" is unconstitutional and no matter what amount is set the exercise of discretion in fixing it is appealable.

Also, a remedy is available whenever a state prisoner is held in custody in violation of the 14th Amendment in that state thereby, "deprives" him of "liberty" without "due process" of law or abridges his privileges and "immunities" as a citizen of the U.S. or denies him the "equal protection of the laws."

Petitioner also avers a "Brady Violation," with the police and prosecutor suppressing key evidence that could have made a difference in the virdict in determining the Petitioner's guilt or innocence. While being detained on 6/13/07, at Special Victims Unit, police officers went to Petitioner's home and called Petitioner on police phone, asking him exactly where was the clothing items he was wearing on 6/5/07. Petitioner told officers where to retrieve; (1) pair of sneakers, and (1) pair of short pants that Petitioner was wearing on 6/5/07, so that they may take to the chemical laboratory for forensic finding. Yet, none of this exculpatory evidence was given to the defendant and it was suppressed from the discovery.

This evidence could have determined Petitioner's actual innocence.

In "Brady," the United States Supreme Court held that the suppression by the prosecution/police, of evidence favorable to an accused upon request violates due process where the evidence

is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution. Id., 373 U.S. at 87. Also SEE: **U.S. v. Bagley**, 437 U.S. 667, 678, 87 L.Ed. 2d. 481, 105 S.Ct. 3375 (1985)

Noting that suppression of "Brady" evidence amounts to a Constitutional violation only if it deprives the defendant of a fair trial. Also SEE: 144 L.Ed. 2d. 286, 527 U.S. 263, **Strickler v. Greene,** Constitutional law 840.2 Habeas Corpus 37-Suppression of Evidence-Cause to excuse "Procedural Default."

Also adding that a showing of materially under "Brady" does not require demonstration by a preponderance that disclosure of the suppressed evidence would have resulted ultimately in the defendant's acquittal. The question is whether the defendant would more likely than not have received a fair trial, understood as a trial resulting in a verdict worthy of confidence. SEE: **Kyles**, 514 U.S. 419 (1995), evidence withheld by the state in this case raises a reasonable probability that its disclosure would have produced a different result.

Petitioner avers that the mentioned violations are very similar to what happened to him. Also, Petitioner avers that prosecutors and police suppressed, and never disclosed forensic findings of material items from the upstairs of the crime scene, which is reckless misconduct. The victim testified that the intruder was upstairs and her flashlight was taken from her bedroom upstairs and was found downstairs. Detective Harry Young told investigators to take everything from the crime scene.

However, the prosecutor/police never gave the Petitioner and his attorney's the discovered information nor, the evidence that the investigators collected from the upstairs. This constitutes a "Brady Violation," and a 14th Amendment violation, which under Constitutional Law and fundamental rights with procedural and due process.

The suppression by the prosecution of evidence favorable to an accused violates due process where the evidence is material either to guilt or to punishment. This rule requires prosecutors to disclose known material information favorable to the accused and to learn of any favorable evidence known to others acting on the government's behalf in the case, including the police.

The evidence if presented could have determined the outcome. Petitioner avers that his 14th Amendment due process, deprivation, and equal protection of the law violations occured.

When Petitioner was deprived by attorney's and judicial actors by not disclosing Petitioner's medical records, which could have showed Petitioner's actual innocence of rape. Please view the notes of testimony where the victim claims she was penetrated twice by her attacker, and the evidence collected from the sexual examination, which was performed by an OBGYN specialists.

Petitioner signed a consent form for his attorney to show and prove that Petitioner could not have raped and penetrated this victim.

The consent form signed, contained all Petitioner's medical

information which all can be contracted through sexual contact.

Petitioner begs this court to look at Exhibit (A)(2) & (3), from the Commonwealth's response. It shows of sperm fluid from an unknown male. Petitioner avers that because he was deprived of showing his medical status that would have showed his actual innocence of rape, no reasonable juror would or could have found Petitioner guilty.

Petitioner avers that this violation constitutes a serious miscarriage of justice, and a due process violation under the 14th Amendment, which clearly states all persons born, or naturalized in the United States and subject to the reside. No state shall make a enforce any law which shall abridge the privledges or immunities of citizens of the United States; Nor shall any state deprive any person of life, liberty, or property without due process of law, nor deny to any person within it's jurisdiction the equal protection of the law. 42 U.S.C.S. 1985 (2) makes it unlawful for two or more people to conspire for the purpose of impeding, hindering, obstructing, or defeating in any manner, the due course of justice in any state or territory, with the intent to deny any citizen the equal protection of the law, or to injure him or his property for lawfully enforcing, or attempting to enforce the right of any person, or class of persons, to the equal protection of the law.

Also, under Federal Rule 60 (B), Grounds for Relief, prejudice to the client by his attorney by their culpable conduct; Not presenting exculpable evidence in light of defendant

where the outcome could have made a difference. Please SEE: **Sawyer v. Hofbauer**, 299 F.3d 605 (6th Cir. 2002) Prosecution withheld police laboratory test results, showing that semen stain on victim was inconsistent with accused blood type.

Petitioner avers that he fairly presented his claims to appellate court an to the Supreme Court of Pennsylvania.

Therefore, Petitioner's claims should not be "procedurally defaulted" under 28 U.S.C. 2254 (B). The requirement of exhaustion means that a state prisoner may initiate a federal Habeas Corpus action only after the state courts have had an opportunity to hear the claims the Petitioner seeks to vindicate in Federal Court.

The exhaustion doctrine requires the defendant to present the issues to any intermediate State Appellate Court, if applicable, and to the State's Supreme Court. Please SEE: Exhibits (C), (D), (E), which clearly show Petitioners has fairly exhausted and presented his claims to State Courts, which should entitle Petitioner to Federal Review of his Constitutional issues and claims presented herein.

Also, Petitioner presented issues, claims of how prosecutor and judicial officials showed prejudice toward Petitioner by that-- Please SEE: "Statements/Opinons," concerning injuries to the victim.

Prosecutor and judicial officials fabricated [redacted] sequence of events that never happened. Thus influencing the jury, as well as the appellant courts which helped render a guilty verdict, and

denial of appeal. Please SEE: Notes of Testimony.

The victims testimony in all trial proceedings and police statements. The victim never stated or testified of being "beaten or kicked," by the perpatraitor. This constitutes prosecutorial misconduct, and prejudice. This fabricated lie seeped and effected the entire atmosphere of all proceedings which left Petitioner at a disadvantage. Thus, affecting Petitioner's right to a fair trial and appealls.

In Conclusion

To accept a plain WORDING argument, excluding any exception for manifest injustice would be to argue that congress intentionally sought to exclude federal review for state inmate known to be innocent, who suffers from a clear due process violation by the state, and who had diligently pursued judicial remedies.

For the foregoing reasons, Petitioner, Kevin McKeither is entitled to relief because his claims are cognizable and with merit. Petitioner therefore respectfully request that this court grants Petitioner's Habeas Corpus, and deny Respondents request to dismiss.

Date: 7/28/14

Respectfully submitted

*Kavisn McKeithen*



# Supreme Court of Pennsylvania

John W. Person Jr., Esq.
Deputy Prothonotary
Patricia A. Johnson
Chief Clerk

Eastern District

468 City Hall
Philadelphia, PA 19107
(215) 560-6370
www.pacourts.us

October 8, 2013

RE:   Commonwealth v. McKeither, K., Pet.
      No:  527 EAL 2013
      Consolidated Cases:
      Intermediate Court Docket No: 2834 EDA 2012
      Trial Court: Philadelphia County Court of Common Pleas
      Trial Court Docket No:  CP-51-CR-0009190-2007

Dear  Attorney Burns
      Attorney Huber

   This is to advise that a Petition for Allowance of Appeal was received in the above-captioned matter.

   Pursuant to Pa.R.A.P. 1116, an Answer, or a letter stating that an Answer will not be filed, to the Petition for Allowance of Appeal (original and two copies) may be filed within fourteen days after service of the Petition. An additional three days may be added if service was effectuated by mail (Pa.R.A.P. 121(e)). Please note that in accordance with Pa.R.A.P. 121(c), service by mail is complete on mailing, thus the time for filing an Answer runs from that date, not the date the Petition was actually received.

   The Office of the Prothonotary requests that all filers leave the original copy of any document submitted for filing unbound. All remaining copies of answers should be bound in compliance with Pa.R.A.P. 124 (a)(5).

   In addition to the paper copies of the items listed above, an electronic copy provided on Compact Discs (CDs) will be accepted and would be appreciated. Acceptable electronic formats, at this time, are PDFs, TIFFs, and Word documents. Please note, each physical pleading, including individual volumes of Reproduced Records, should have a corresponding digital counterpart.  Said disc should be accompanied by an averment that the material on the CD is a complete and accurate representation of the paper version.

                                                Very truly yours,
                                                Office of the Prothonotary

/rdh
cc:  Mr. Kevin Mckeither
     The Honorable Lisa M. Rau, Judge

# Supreme Court of Pennsylvania

John W. Person Jr., Esq.
Deputy Prothonotary
Patricia A. Johnson
Chief Clerk

Eastern District

468 City Hall
Philadelphia, PA 19107
(215) 560-6370
www.pacourts.us

February 20, 2014

Mr. Kevin Mckeither
#HV-5414, SCI @ Retreat
660 State Route 11
Hunlock Creek, PA 18621

RE: Commonwealth v. McKeither, K., Pet.
No. 527 EAL 2013
Lower Appellate Court Docket No: 2834 EDA 2012
Trial Court Docket No: CP-51-CR-0009190-2007

Dear Mr. Mckeither:

Enclosed please find a certified copy of an order dated February 20, 2014 entered in the above-captioned matter.

Very truly yours,
Office of the Prothonotary

/rdh
Enclosure
cc: Hugh J. Burns Jr., Esq.
Mary L. Huber, Esq.
The Honorable Lisa M. Rau, Judge

## IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | No. 527 EAL 2013 |
| Respondent | |
| | Petition for Allowance of Appeal from the Order of the Superior Court |
| v. | |
| KEVIN MCKEITHER, | |
| Petitioner | |

### ORDER

**PER CURIAM**

    **AND NOW**, this 20th day of February, 2014, the Motion to Compel Lower Courts and District Attorney to Respond and the Petition for Allowance of Appeal are **DENIED**.

A True Copy
As Of 2/20/2014

Attest: John W. Person Jr., Esquire
Deputy Prothonotary
Supreme Court of Pennsylvania

## IN THE SUPREME COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsyvania | : | Docket No. 2834 EDA 2012 |
| | : | |
| v. | : | |
| | : | |
| Kevin McKeither, Petioner | : | Lower Court No. CP-51-CR-0009190-2007 |
| | : | |

### MOTION TO COMPEL LOWER COURTS AND
### DISTRICT ATTORNEY TO RESPOND

To The Honorable Judges of the Court,

Now comes Defendant, Kevin McKeither, Pro-Se, Respectfully requesting that this court enter an order compelling the Lower Courts, and the District Attorneys "Burns", and "Huber" to respond to the Petition for Allowance of Appeal that they received in October 2013. As a reminder pursuant to Pa. R.A.P. 1116 an answer, or a letter stating that an answer will not be filed to the Petition for Allowance of Appeal should be filed within fourteen (14) days after service of the Petition, however it is January 2014 and I have not received any response concerning the Petition. Wherefore I pray that this Court grants this Motion to Compel.

Dated: January 2, 2014

Kevin McKeither
Respectfully Submitted,

Kevin McKeither #HV-5414

# PROOF OF SERVICE

I hereby certify that I am, this day, serving the foregoing document upon the persons and in the manner indicated below, which service satisfies the requirements of Pa. R. Crim. P. 577.

Eastern Dist of PA.
U.S. District Court
Phila, PA 19106-9865
Type of Service
[ ] Personal   [✓] First Class Mail

District Attorney's office
3, South Penn Square
Phila, PA 19107
Type of Service
[ ] Personal   [✓] First Class Mail

_____
_____
Type of Service
[ ] Personal   [ ] First Class Mail

_____
_____
Type of Service
[ ] Personal   [ ] First Class Mail

DATE: 7/28/14

_Kevion McWhitter_
Signature of Server

*__NOTE:__ Under __18 Pa.C.S.A. 4904__ (Unsworn falsification to Authorities), a knowingly false proof of service constitutes a misdemeanor of the second degree.