**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE THIRD CIRCUIT**

| | | |
|---|---|---|
| **KEVIN MCKEITHER,** | : | **C.A. NO. #14-1628** |
| **APPELLANT** | : | **CP-51-CR-0009190-2007** |
| | : | |
| **V.** | : | |
| | : | |
| **VINCENT MOONEY, ET, AL** | : | |
| **APPELLEES** | | |

FILED
NOV - 8 2017
KATE BARKMAN, Clerk
By__________ Dep. Clerk

RECEIVED
NOV 13 2017

**PETITIONER'S HABEAS CORPUS BRIEF/APPEAL**
**TO THE THIRD CIRCUIT COURT**

Petitioner, Kevin McKeither, pro-se, argues the decision by the District Court rendered, was "Contrary" to and/or involved unreasonable application of clearly established Federal Law as determined by the Supreme Court of the United States and resulted in a decision by the District Court that's based on an unreasonable determination of the facts in light of the evidence presented. Please See **Boyd v. Waymart**, *579 F.3d 330, 368 (3rd Cir. 2009)* Also **Coleman**, *501 U.S. at 753*, and **Caswell**, *953 F.2d at 862*. Petitioner can demonstrate cause for his procedural default, and can show some objective factor external to the defenece impeded and prevented his ability to comply with State Procedural rule. Petitioner aver's that he was denied his Constitution rights of access to *"Law Library"* and the *"Courts"* by *"Government Interference."* Petitioner argues that in Feburary 2010, the Department of Corrections of Pennsylvania without warning up-rooted petitioner and sent him to the State of Michigan where he was denied access to law libraries for month's, upon arriving in Michigan there was no Pa. Law in the library or authorities to assist him in preparation and filing of meaningful legal papers, this injury frustrated/hindered petitioner efforts to pursue his constitutional claims in the Pennsylvania Courts. Also petitioner suffered arguably actionable harm because he wanted to bring before the courts Constitutional Merits. But was so stymied by the inadequanies of the law library that he was unable to file any meritious issues. The Supreme Court's Holding in **Bounds v. Smith** *(1977) 430 US 817, 52 L.Ed.2d 72, 97 S.Ct. 1491*- that the fundamental federal constitutional right of access to the courts requires prison authorities to assit inmates in the preparation and filing of meaningful legal papers by providing the inmates with adequate law libraries or adequate assistance from persons trained in the law- must show actual injury pursuant to the federal constitutional doctrine of standing; insofar as meaningful access to the courts is the touchstone of the right vindicated by **Bounds v. Smith**, the inmate must demonstrate that the alleged shortcomings in a prison's library or legal assistance program hindered the petitioner efforts to pursue a legal claim by showing, for example, that (1) A complaint which the inmate prepared was dismissed for failure to satisfy some technical requirement which the inmate could not have known because of deficienties in the prison's legal assistance facilities, or (2) the inmate suffered arguably actinonable harm that the inmate wished to bring before the Court's. But was so stymied by inadequacies of the law library that the inmate was unable even to file a complaint; prison law libraries and legal assistance programs are not ends in themselves, but only the means for insuring a reasonable adequate opportunity to present claimed violations of fundamental constitutional rights to the Courts. Petitioner strongly argues because of his transfer to the state of Michigan during his appeal

process he is still suffering shortcomings in regards to his appeals process these included and are not limited to Superior Court. Magistrate's report/recommendation and the District Court. With respect to the State's claim of procedural default/ineffective assistance of counsel as reason's that petitioner should be denied Habeas Corpus relief... Petitioner avers that decisions rendered, at the state appellate level's and the habeas corpus brief filed at the Federal District Court..., resulting in that Court's denial of petitioner's constitutional violations and adoption of state court's claims of procedural default. By petitioner, are not supported and are contrary to *"Habeas Corpus"* rules standard, in both appellate jurisdiction's... See *S.Ct. 1911 §* **Trevion v. Thaler** §§ 2/25/13, and **Martinez v. Ryan**, *566 U.S. 1, 132 S.Ct. 1309, 182 LED.2d 272, 278...* Where ruling by the Supreme Court of the United States,... Given a procedural default will *"Not"* bar a Federal Habeas Corpus Court from hearing a substantal claim of ineffective assistance at trial. If in the state's collateral review proceeding, there is no counsel, or counsel in that proceeding is ineffective... and further states that, (Exception)," to procedural default by the state may at the same time a prisoner may obtain federal review of a defaulted claim by showing cause for the default, and prejudice from the *"violation of federal law..."* Petitioner avers that he requests to his counsel at trial, and through out the appellate process that certain constitutional violations were apparent and should be raised as issues to the fairness, and impartiality of the judical process... On all level(s) petitioner's request(s) were ignored by counsel(s). Petitioner avers that his constitutional rights were totally violated because under the Due Process and equal protection clauses of the federal constitution's Fourteenth Amendment, the duty of a state with respect to providing counsel is not to duplicate the legal arsenal that may be privately retained by a criminal defendant in a continuing effort to reverse the defendant's conviction. But only to assure an indigent defendant an adequate opportunity to present the defendant's claims fairly in the context of the state's appellate process. Please see attached Exhibit (A) written response from the Defenders Association represented by Victor Rauch Assistance Defender in Philadelphia, Pa. Clearly denying and depriving petitioners issues being raised on Direct Appeal as a matter of law, and can only be raised on PCRA petition. The Pennsylvaia Supreme Court has held that where a *"Discreet Claim"* or *"Claims of trial counsel of ineffectiveness is apparent from the record and meritorious to the extent that*

*immediate consideration does serve the interest of justice."* Immediate direct review is warranted. **Com v. Holmes**, *79 A.3d 562 (Pa. 2013);* **Com v. Stollar**, *84 A.3d 635 (Pa. 2014)* See also attached Exhibit (B) written communication from petitioner to the *O'Hanlon law firm P.C.,* Phila, Pa. and response from that firm to petitioner rebuking petitioner for raising issues which in Mr. *Stephen O'Hanlons* opinion have little to no merit... Also the specific response froom Phila, Pa. defenders Association representative *Ellen Greenlee* as to *"Collateral Challenges such as challenges to trial attorney's decisions, (In trial court), cannot be raised on direct appeal, as a matter of law, and can only be raised in a PCRA petition... The apparent challenge to these statements found in procedural default excuse-ineffective assistance, held note (A)...* "A narrow exception should modify the unqualified statement, that attorney's ignorance or inadvertance, in post conviction proceeding does not qualify as cause to excuse procedural default. Ineffective assistance of counsel on direct appellate review could amount to casue, excusing a defendant's failure to raise, (and procedurally defaulting), a constitutional claim... And further "Where the state consequently challenges initial review of this constitutional claim of collateral proceedings, a lawyer's failure to raise an ineffective-assistance- of trial counsel claim during initial-review collateral proceeding, could deprive a defendant of any review of that claim at all... Head note (5) "A federal Habeas Court is allowed ot find "Cause," there by excusing a defendant's procedural default where (1) the claim of ineffective assistance of trial counsel, was a substantial claim. (2) The "Cause" consisted of there being *"No counsel,"* or only "ineffective" counsel during state collateral review proceedings... (3) The State collateral review proceeding was the initial review proceeding, in respect, to the ineffective assistance of trial counsel claim; and (4) state law requires that ineffective claim be raised in an initial review collateral proceeding... In any event the United States 6th. Amendment guarantees petitioner the right to effective assistance of counsel... Petitioner, claims that all represented counsel were deficient in their performance... as mentioned previously petitioner requested to his counsel that constitutional violation(s) at the trial level and throughout the appellate proceedinigs should be raised as issues on appeal... Please see **Strickland v. Washington**, *466 U.S. 668, 687, 104 S.Ct. 2052 80 LED.2d 674 (1984)...* (In regards to prejudice) petitioner requested that his constitutional violation(s) be raised as issues by his represented counsel(s)

who admonished petitioner that they had little to no merit and would not be recognised by the judiciary... ***See Exhibit (C).*** Petitioner was, therefore, prejudice by counsel(s) refusal to present these claims for review... "The Constitution requires a fair trial, not some higher quality of legal representation thus the standard is *"Highly Defential"* and there is "a strong presumption that counsel's falls within the wide range of reasonable prefessional assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable prefessional judgment, only the most serious errors constitute deficient performance, describing errors so serious that counsel was not functioning as the counsel guaranteed by the 6th. Amendment... See 3rd. Circuit, **Taylor v. U.S.,** *Dec. 14 2015. 2015 U.S. Dist. Lexis 166788.* Petitioner avers that cousnel(s) prejudicial effect for not raising his constitutional violation(s) in all proceedings, out weighed the probative value of his issues/merits which profoundly, violated his 14th. Amendment *"Equal Protection of the Law(s)."* Petitioner timely filed a pro-se PCRA petition on May 5, 2011. Counsel wa appointed for petitioner and he filed a no-merit letter on July 9, 2012. Petitioner argues this case is *"Exceptional"* and *"Extraordinary"* becaue of constitutional court error's/violation's. Under ***Federal Rules of Procedure, 2254 (B)(1), (B)(II)*** circumstances exist that render such process ineffective to protect the rights of appellant... Petitioner avers that the constitutional 6th. Amendment (violation), conforntation clause was an issue requested, expressively by petitioner to counsel to be raised at all judicial levels, (at trial). And thoughout the appellate process... It is noted that this confrontation violation could have determined the outcome of petitioner case and would establish petitioner actual innocense of the charge of ***"Rape."*** Petitioner avers the testimony (or in this case), the lack thereof, by the expert ***"OBGYN"*** who was not present, at trial and who presented no written report, as to finding(s) of examination (of the victim), which clearly would have established the facts regarding the charge of rape..., at trial. Petitioner avers the court showed "Prejudice" by talking of injuries (to the victim), that petitioner was not charged, and was not on trial for... *Trial transcript testimony, pp. 98, Vol. 1: May 23, 2008*, where prosecution questioned emergency room physician, *Dr. Kelly*... Question, just so we and the jury are crstal clear, you didn't perform the actual exam, the swabbing or anything like that... Answer, no because I was to busy worrying about all of her other injuries but I got the *OBGYN Specialist* to also, to do that exam to make sure they attended to that, and collected that evidence"... What is Extraordinary about this, is that petitioner was on trial for rape... This charge, according to the ***Pa. Crimes Code***... Rape occurs when a person engages in sexual intercourse with a complaintant... by forcible compulsion (or) by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution... ***Pa. C.S. (709*** and ***377), § 3121, "Sexual***

***intercourse."*** In addition to its ordinary meaning, intercourse per os or per anus with some penetration, however, slight; emission is not required." ***18 Pa. C.S. §3101*** Penetration, however, slight is therefore, an essential element of Rape. See: **Com v. Pa. Dwayne E. Hawk**, *551 Pa. 71; 709 A.2d 373; 1998...* Where the outcome... *"The court reversed and remanded for a new trial." "The court concluded that the trial court abused its discretion in precluding the forensic scientist's testimony concerning the* ***"Rape Kit Test Result,"*** *because the rape kit evidence through inconclusive, was relevent to the issue or whether sexual intercourse occured. The* court held that *it was for the jury to determine its weight and persuasiveness"...* The similarity of Hawk, and petitioner's case is established as the element's of rape, according to the ***Pa. Crimes Code***, were Not met with proof, either through testimony from expert ***(OBGYN).*** And/or evidence persuant to the charge filed... Petitioner avers, further that there was no effort to clearly establish that the criminal act. ***"(Rape),"*** even occured... This error is further established under ***Federal Rule(s) Procedure 2254, (E)(I)(B)...*** Facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found petitioner guilty of the underlying offense." Also this was an abuse of discretion by the trial court referencing the "Confrontation"' between petitioner and the *"OBGYN"* as in the ruling by United States court of appeals 3rd. Circuit regarding **"Gov. of the Virgin Island v. Dave Vicars**, *340 Fed.Appx. 807, 2009...* Where, *Vicars* argues, in the one issue we consider on appeal, that the admission of ***Dr. Lockridge's*** report deprived him of his 6th. Amendment right to confont the witnesses against him. He *(Vicars),* had lodged a contemporaneous but vague objection to the admission of a limited part of the report but any argument as to the confrontation clause was surely not developed by him, was barely referenced by the trial court and then only early in the case, and was not addressed at all by the appellate division. By whatever standard we apply-abuse of discretion; plenary review, challenges, **United States v. Lore**, *430 F.3d 190, 280 (3rd. Cir. 2005),* or plain error review-*Dr. Lockridge's* report was erroneosly admitted..." *And where ruling..."* The Government has not argued *"Harmless Error,"* but even if it had it could not persuade us to affirm *Vicar's* conviction for attempted aggravated rape. We may affirm despite error only when we find the error to be harmless beyond a reasonable doubt, that is, when the record shows beyond a

reasonable doubt that the error complained of did not contribute to the verdict obtained. **U.S. v. Hardwick**, *544 F.3d 565, 574 (3rd. Cir. 2008)*. Here it is all but certain, that without *Dr. Lockridge's* report, and specifically the observation of bruising was the sole evidence of attempted penetration, a necessary element of the crime... for the reasons stated above we will reverse the judgment of the appellate division as to *Vicar's* conviction of attempted aggravated rape... It is noted that through there are similarities with Vicars and petitioner, petitioner avers that there was ***NO*** sufficient report, testimony or evidence used at trial to prove a fact necessary for his conviction of the charge rape. Also petitioner 14 th. Amendment under the *Pa. and U.S. Constitution* was violated his *"Equal Protections of the law"* (By that) petitioner never was afforded his due process right to confront face to face with the *"OBGYN"* who actually performed the sexual examination on the victim. This manifest constitutional error had an identifiable negative impact on the trial to such a degree that petitioner constitutional rights were compromised along with his fundamental fairness. Also petitioner argues a prima-facie, showing of another constitutional error/violation that satisifies the requirements of *28 USC § 2254 (B)(i)* and *(11)* regarding circumstances that existed which rendered such process ineffective to protect the rights of the applicant, another (Confrontation violation) and (constitutional court error) petitioner is talking about *Det. Carl Latore* of the Special Victims Unit who submitted key evidence at trial that had my DNA on it as well as an unknown male's DNA, please see attached ***"Exhibit (D)."*** Petitioner argues that he never "(Confornted)" Det. Latore, at trial for testimony and cross-examination especially for the jury to evaluate the demeanor of the witness: Please see *(Trial tr. 83: 20-23, May 29, 2008)* where Det. Latore interviewed petitioner after the attack. Although Det. Latore was not available to testify at the trial, the parties stipulated that "if he had testified." He would have said that he would typically shake hands with those he interviewed, but had no specific recollection of shaking petitioner's hand. He also would have testified that he did not go into (The victims) home after speaking with petitioner. *(Trial tr. 83:16-17, May 29, 2008)*. This was not only a trial court errorm it was an abuse of discrection regarding *"(Hearsay)"*, also the United States Supreme court held in **Crawford v. Washington**, *U.S. Supreme Court (2004)*. Held that the confortation clause of the federal 6th. Amendment barred the admission at a criminal trial of

testimonial statements of awitness who did not appear at trial. The Supreme Court reversed the judgment and remanded for further proceedings. *Detective Latore* never came to trial. And his out of court statements were used at trail. Also, an error of this magnitude may be deemded *"(Structural)"* because the type of constitutional violation that occurered is one that is so fundamentally unfair and deprives the petitioner basic protection, equal protections of the law, and Due Process, which should serve as a function for determining guilt or innocence. Therefore, the District Court, magistrate, superior, and trial court(s) adopted, and approved *"A fundamental miscarriage of justice..."* Concerning ***Federal Rules(s) of Procedure 2254 (B)(1), (B)(ii)*** *"Circumstances exist that render such process ineffective to protect the rights of the applicant"...* Petitioner avers that his counsel, (at trial) did not afford petitioner adequate, and effective representation, as set forth in the United States constitutional Sixth Amendment guarantee(s) of same... The inefered assertion by petitioner, that there existed a conflict of interest with his state sponserd, *"Public Defender," Ms. Elizebeth McHugh*, and loyalty for petitioner. And his defense presentation, at trial, as inadequate, due to his need for pre-trial consultation(s) and defense strategy(s) appropiate to refute the charges filed against him... Petitioner also avers that his public defender/counsel(s) divided loyalties, (at the same time), to another client/defendant. in another facility, (Philadelphia Institutional Correctional Center), with similar charges... This action constitutes a serious violation of petitioners constitutional sixth amendment right to have the assistance of counsel for his defense... And avers further that there was no "Loyalty" and petitioner was deprived under the 14th. Amendment, his *"Due Process of Law"* where he was *"Denied"* within his jurisdiction :The Equal Protection of the Law (s)," by his trial attorney... Therefore, the duty of loyalty is implicated where he or she represents tow or more clients whose affairs somehow intersect. "This problem arises whenever a lawyer is asked to represent two or more clients who may have different interest, whether such interest be conflicting, inconsistant, diverse or otherwise discordant." Id EC 5-14, (emphasis added). Even where there are merely *"Potentially differing interest,"* the lawyer should resolve all doubts agaisnt propriety representation. A lawyer should never represent in litigation, multiple clients with differing interest. Id. EC 5-15... Previous notation, from circuit judge Mansmann, (Dissent) 3rd. Cir. U.S. Court of Appeals, ***U.S. of America v. Gambino, Rosario***,

*864 F.2d 1064; (1998)* the conflict of interest also included written request regarding, medical records, which petitioner made known to his counselers... and as the U.S. Supreme Court stated, and made clear in ***"Procunier v. Martinez***, the exchange of written communications between an attorney and his inmate client calls into play. Petitioner, is speaking about his medical records, that his lawyer would not submit... in reference, to this issue, in ***Maples v. Thomas***:: *Oct. 4. 2011, 132 S.Ct. 912. "The inmate's first amendment rights, and the first amendment rights of the attorney, (In this case, Ms. McHugh), who has a significant interest in enhanced by her obligation. As an officer of the court to represent her client's interest adequately"...* Wherefore, counsel appointed to petitioner, by Ms. McHugh, (Represented Counsel), violated petitioner's constitutional right(s) by ***"Not"*** submitting, and ***"Not"*** adjudicating petitioner, medical records, that could, (and would) have established petitioner's actual innocence... This also constitutes a conflict of interest, because of the laspe of representation was contrary to petitioner's interest, and that reached a level of ineffectiveness, and "Actual Prejudice." Petitioner aver's further that if trial counsel would have demonstrated some plausable defense strategy or tatic, by pursuing and showing the jury and trial court. Petitioner medical report as evidence, it would have been a viable presentation of the alternative, in establishing the true facts. Petitioner aver's that his attorney was inherently in conflict with or not under taken, due to *Ms. McHugh* other loyalties or interest, please see: ***Cuyler v. Sullivan***, *446 U.S. 335, 349, 64 LED.2d 333, 100 S.Ct. 1708 (1980)*, and ***Com v. Tony Wright,*** *434 Pa. Super. 726; 643 A.3d 710, (1994)...* Also in the ***3rd. Cir. Ct. of App. U.S. v. Gambino, Rosario***, *864 F.2d 1064; 1998*. Where "An actual conflict of interest is evidenced if, during the course of the representation, the defendant's interest diverge with respect to a material factual or legal issue or to a course of action. To reach the level of constitutional ineffectiveness the conflict must cause some laspe in representation contrary to the defendant's interest, but such laspe need not rise to the level of actual prejudice. The laspe in representation adversley affecting the defendant's interest can be demonstrated not only by what the attorney does, but by what be refrains from doing"... (Please See: Exhibit (E) petitioner's notarized written notification authorization, for medical record's to be presented as evidence, during petitioner's appeal process... To prove his *"Actual Innocence."* Also in line

with all previouse statement's (of fact), presented by this petitioner... There is a most recent ruling from the *U.S. 3rd. Cir. Court of App.* in ***Satterfield v. Da. Pa.,*** *2017 App. Lexis 18537. (3rd. Cir. 2017)...* Where, hold for the first time that a *Rule 60 Motion* can be based on a change in the law, provided the change is extraordinary. Satterfield's case involved a thirty year old homicide, petitioner's case invloves a eleven year old rape. *Satterfield* was granted habeas corpus based on a claim of ineffective assistance of counsel for failure to investigate and present, evidence of actual innoncece... Petitioner avers a similar claim... In Satterfield, the court of appeals reversed, claiming his habeas petition was time barred. In 2013 the Supreme Court decided, in ***McQuiggin v. Perkins***, *133 S.Ct. 1924. 185 L.ed.2d 1019 (2013).* Which held that a credible claim of actual innocence or miscarriage of justice falls within an exception to the A.E.D.P.A.'s One year statute of limitations, petitioner seeks relief from the procedural default rule... Satterfield's appeal, citing *Rule 60,* and citing *McQuinn,* was denied by the federal district Court, but was reversed by the *3rd. Cir. Ct.* of Appeals, holding that *McQuinn* is the kind of extraordinary case that supports the Rule 60 Motion. The decision is consistant with ***Rivas v. Fisher***, *687 F.3d 514, 549 (2nd. Cir. 2012),* which granted habeas based on the Supreme Court's observaction that concern about injustice that results from the conviction of an innocent person has long been at the core of our Criminal Justice System. *"Reflecting"* a fundemental value determination of our society that is far worse to convict an innocent man, than to let a guilty man go free. *"**Schlup**, 513 U.S. at 325."* The Similarities in *Satterfield* and, petitioner's case is centered on defense counsel's failure to investigate and present evidence, (In petitioner's case), medical records, at trial. (and on appeal's which would have proven petitioner's actual innocence). With respect to the decision(s) of the Philadelphia Court of Common Pleas, in allowing evidence. (*Disfunctional video tape*), to be admissible at trial, which could not be verified, nor certified, as authentic... Petitioner avers that at trial, this uncertified evidence was pivotal in influencing the jury verdict... The facts of accuracy in this piece of evidence, (as presented), is in question, with the video, and time laspe dipicted... The representation is supported in (***Alford v. Baily,*** *202, Pa. Superior Ct. 324, 196 A.2d 393 (1963).* Petitioner avers trial counsel's not objecting to a flawed piece of evidence dipicted as a true indicator of time and place, and the place emphasis on his presence and oppertunity, to

commit this crime, puts him at an extreme disadvantage. The facts are that the time laspe on th video, are *"Twenty five mintues,"* and clearly is relevent as to the time line of events and presence of petitioner in this regard... Petitioner's claim of being prejudiced by trial counsels ineffectiveness, and not objecting to thie video being admitted and not objecting as to emphasis being placed on it's accuracy, at trial and on appeal is established as shows that how petitioner's constitutional amendment right(s) of fundemental fairness. With respect to the due process, and the reasonable expectation of effective counsel of challenge flawed material evidnece, presented as fact was violated... Petitioner has and still maintains his innocence with respect to this crime, and seeks an impartial and fair adjudication of the facts in that regard... In notation, please see ***"Exhibit (F),"*** notarized written documentation by petitioner, to the Superior Court of Pa.... While petitioner was in the state of Michigan, unable to have access to institutional law library assistence, and materials... This to properly prepare for PCRA appeal... Now comes the Eighth Amendment claim... *"The Eighth Amendment ot the constitution"...* provides that excessive bail shall not beb required, nor excessive fines imposed, nor cruel and unusal punishments a right to bail, it does guarantee that any bail imposed *"Not be excessive in light of the percieved evil."* See ***United States v. Salerno***, *480 US. 739, 754, 107 S.Ct. 2095 L.ed.2d 697 (1987)."* Thus with respect, to what has been presented to the Federal District Court, as an eighth amendment violation, *(Excessive Bail),* and fourteenth amendment violation, (Due Process), and equal protection of the law(s) violation... Should not have been procedurally defaulted, and thus barred from relief... this due to the criminal charges filed; *"rape, robbery, burglery..."* Which does not require the amount given, *($1,000,000)* at arraignment, and continued until conclusion of trial proceedings... Petitioner, avers that there is/was clearly intent established, in the recommendation, and approval of the million dollar amount which begain with the *Philadelphia County Masgisterial Court*, depriving him of the opportunity to prepare, a full and proper investigation, and defense, to be presented, at trial... This eighth amendment violation, and the harm that it engendered is clear in... ***U.S. ex rel. Rubistein v. Mulchay***, *155 F.2d 1002:: (June 14, 1946)...* And as stated *"Errors"* are the fixing of *"excessive bail"* as/is unconstitutional, and no matter what amount is set, the excerise of discretion in fixing it is *"Appealable."* Petitioner's claim is clear in this reguard, and ask the

question, *"could other motivational factors have been at play, such as racial, class-base, or otherwise invidious discrimination, and/or animus"*... Petitioner, contents the Federal District Court, *"Erred"* in its ruling of denial, and adoption of the *"procedural default"* claim in this matter, and contends further that the claim of his violation as *"Moot"* by default, by this court is essence a statement that this violation/miscarriage of justice of the U.S. Constitution does not apply to petitioner. Therefore, petitioner ask this 3[rd.] Cir. for consideration in granting relief in this matter, so as to correct the error for the record. The circumstances of this appeal, before this court which include numerous constitutional, (violation(s)), claims and the factual events. And errors occuring in the various court jurisdictions, (from magisterial through to the appellate process)... are presented by this petitioner, for redress and relief, reguarding actions taken by officer's of the court, in their various capacities, which have been shown to deny petitioner a fair and impartial adjudication of the charges filed against him in this case... Petitioner, seeks relief in accordance with the rule of law as expressed, within the conflines of the *United States Constitution, and the Pennsylvania, (State) Constitution* reguarding adjudicationof the accused... Petitioner has and still maintains his innoncence of the charges, filed against him and has diligent throughout the process of appeal, inspite being a layman in the various legal venue(s)... Restriction(s) imposed at various levels of the appellate process which include petitioner being moved to another state, and jurisdiction, (*with no access to Pa. law library assistance and material(s)),* in the middle of appeal petition... and the appeals court's insistence that the procedural default claim(s) applies, to petitioner, despite constitutional amendment violation(s) to the contrary, are and continue to be clear and extraordinary in context... Also appeals court's insistence that the ***DNA*** evidence, presented is the overwhelming factor of denying petitioner's request for relief is highly questionable, and extraordinary especially when given that the trial court error(s) committed and improbable and conflicting (heresay), testimony allowed does, and did not prove guilt beyond a reasonable doubt... See ***"Exhibit (G)"*** reported events and testimony... This along with petitioner's amended "Motion of Evidence," reguarding petitioner's body in one state jurisdiction and his name, and claim of his person listed in another, (at the same time),... See ***"Exhibit(s) (H),"...*** reguarding this matter.

**WHEREFORE**, petitioner McKeither, respectfully request consideration, and review. (This despite pro-se layman status), in this matter... and ask that this court grant petitioner, (With in its jurisdiction), relief.

Respectfully Submitted,

Date: 11-8-17

/S/ [signature]

# PROOF OF SERVICE

I hereby certify that I am, this day, serving the foregoing document upon the persons and in the manner indicated below, which service satisfies the requirements of Pa. R. Crim. P. 577.

U.S. Court of Appeals 3RD Cir.
21400 U.S. Courthouse
Phila, PA 19106-1790
Type of Service
[ ] Personal [✓] First Class Mail

District Attorney's Office
3, South Penn Square
Phila, PA 19107
Type of Service
[ ] Personal [✓] First Class Mail

Type of Service
[ ] Personal [ ] First Class Mail

Type of Service
[ ] Personal [ ] First Class Mail

DATE: 11-8-17

[signature]
Signature of Server

*NOTE: Under 18 Pa.C.S.A. 4904 (Unsworn falsification to Authorities), a knowingly false proof of service constitutes a misdemeanor of the second degree.

Kevin McKeither-HV-5414
660 STATE RT. 11
Hunlock Creek, PA 18621




United States Court of Appeals 3RD Cir.
21400 U.S. Courthouse
601 Market St.
Philadelphia, PA 19106-1790

USMS X-Ray

INMATE MAIL-PA
DEPT. OF CORRECTIONS

OFFICE OF THE CLERK

**MARCIA M. WALDRON**
CLERK

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA 19106-1790

TELEPHONE
215-597-2995

November 15, 2017

Kate Barkman, Clerk of Court
United States District Court
2609 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1796

Re: McKeither v. Delbalso
E.D. Pa. No. 2-14-cv-01628

Dear Ms. Barkman:

Pursuant to Rule 4(d), Federal Rules of Appellate Procedure, and Rule 3.4, Third Circuit Local Appellate Rules, we are forwarding the attached "Petitioner's Habeas Corpus Brief/Appeal", to be treated as a Notice of Appeal, from the District Court order (#22) entered 9/29/17 which was filed with this office in error. See Rule 3(a)(1), Federal Rules of Appellate Procedure and Rule 3.4, Third Circuit Local Appellate Rules. **The notice was placed in prison mail on 11/8/17 and should be docketed as of that date.**

This document is being forwarded solely to protect the litigant's right to appeal as required by the Federal Rules of Appellate Procedure and Rule 3.4, Third Circuit Local Appellate Rules. Upon receipt of the document, kindly process it according to your Court's normal procedures. If your office has already received the same document, please disregard the enclosed copy to prevent duplication.

Pursuant to Rule 3(a)(1), Federal Rules of Appellate Procedure, a notice of appeal must be filed with the Clerk of the District Court. This Court may not act on an appeal until the notice has been docketed in the District Court and certified to this Court by the District Court Clerk.

Thank you for your assistance in this matter.

Very truly yours,

By: /s/ Marcia M. Waldron
Clerk

MMW/lld
Enclosure
cc: Kevin McKeither (w/out enclosure)