IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KEVIN McKEITHER,

        Petitioner,

v.

THERESA DELBALSO, et al,

        Respondents.

CIVIL ACTION
NO. 14-1628

## ORDER

**AND NOW**, this 25th day of April, 2019, upon reviewing Petitioner's Motion in Support of 28 U.S.C. § 2244 & 835.05 CR60(B), it is hereby **ORDERED** that Petitioner's motion is **DENIED**.[1]

BY THE COURT:

**/s/ Jeffrey L. Schmehl**
Jeffrey L. Schmehl, J.

---

[1] Petitioner Kevin McKeither untimely moves for reconsideration of this Court's previous decision denying habeas relief (Docket No. 22). As this motion is untimely, this Court lacks jurisdiction and will deny Mr. McKeither's motion.

On October 14, 2014, United States Magistrate Judge Thomas J. Rueter recommended Mr. McKeither's petition be denied (Docket No. 14). On September 29, 2017, this Court approved and adopted Judge Rueter's Report and Recommendation and denied Mr. McKeither's petition for writ of habeas corpus. (Docket No. 22.) Following an appeal with the Third Circuit to file a second or successive habeas petition and subsequent denial, on February 15, 2019, Mr. McKeither moved for relief under Federal Rule of Civil Procedure 60(b). (Docket No. 28.)

Motions for reconsideration are granted to correct "manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Absent new evidence or manifest error, parties may not submit the same evidence in support of reconsideration. A motion under Rule 60(b)(1), (2), and (3) must be made "no more than a year after the entry of judgment or order of the date of the proceeding." Fed. R. Civ. P. 60(b).

Because Mr. McKeither moves for reconsideration under Rule 60(b)(1), (2), or (3), more than one year after this Court's entry of judgment, this Court will dismiss his Rule 60(b) motion as untimely. This case shall remain closed.